UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LETTIRE CONSTRUCTION CORP; LETTIRE 124TH STREET LLC; EAST 124TH STREET LLC; UBC CHESTNUT COMMONS LLC; UBC SUMNER LLC; CHESTNUT COMMONS HOUSING DEVELOPMENT FUND CORP.; and MHANY MANAGEMENT, INC.,<br><br>        Defendants. | 25 Civ. 483 (_____)<br><br>**CONSENT DECREE AS TO LETTIRE CONSTRUCTION CORP., LETTIRE 124th STREET LLC, UBC CHESTNUT COMMONS LLC, and UBC SUMNER LLC** |

WHEREAS, the United States brought the above-captioned action (the "Action") to enforce provisions of the Fair Housing Act ("FHA"), codified at 42 U.S.C. §§ 3601–3619;

WHEREAS, the United States' Complaint alleges that defendants participated in the design, construction, or ownership of a certain rental complexes in New York City, including The Tapestry located at 245 East 124th Street in Manhattan; The Parkline located at 626 Flatbush Avenue in Brooklyn; Chestnut Commons, located at 3269 Atlantic Avenue in Brooklyn; and Atrium at Sumner located at 57 Marcus Garvey Boulevard in Brooklyn (collectively, the "Properties");

WHEREAS, the Properties are subject to the accessible design and construction requirements of the FHA, 42 U.S.C. § 3604(f)(3)(c);

WHEREAS, the FHA provides that residential buildings with four or more dwelling units, and one or more elevators, designed and constructed for first occupancy after March 13, 1991, are Covered Multifamily Dwellings and must include certain basic features of accessible design as set forth in 42 U.S.C. §§ 3604(f)(3)(C) and (f)(7)(A);

Case 1:25-cv-00483-AKH    Document 3-1    Filed 02/27/25    Page 2 of 18

WHEREAS, the accessible and adaptive design provisions of the FHA require that for Covered Multifamily Dwellings: (*i*) the public use and common use portions of such dwellings are readily accessible to and usable by persons with a disability; (*ii*) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by persons with a disability using wheelchairs; (*iii*) all premises within such dwellings contain the following features of adaptive design: (I) an accessible route into and through the dwelling; (II) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations; (III) reinforcements in bathroom walls to allow later installation of grab bars; and (IV) usable kitchens and bathrooms such that an individual using a wheelchair can maneuver about the space. *See* 42 U.S.C. § 3604(f)(3)(c) (these provisions of the FHA are referred to herein as the "Accessible Design Requirements");

WHEREAS, the parties to this Consent Decree agree that this Court has jurisdiction over the subject matter of this case, and further agree that, to avoid protracted and costly litigation, and without Lettire or any other party admitting liability, this controversy should be resolved without further proceedings and without an evidentiary hearing or a trial;

WHEREAS, Lettire has fully cooperated with the Government's investigation into this matter; and

WHEREAS, with respect to the Atrium, Lettire engaged an FHA accessibility consultant prior to the commencement of construction to review construction documents, conduct compliance inspections, and provide technical assistance to Lettire; the Government's later inspection of the property found relatively few issues requiring attention; Lettire has already completed remediation of most such issues and Lettire has committed to completing the remaining retrofits promptly; and

2

the Government accordingly seeks no civil penalties or other monetary relief with respect to the Atrium;

It is hereby AGREED, by and between the parties, as follows:

### I. The Parties and the Properties

1. Plaintiff is the United States of America.

2. Defendant Lettire Construction Corp. ("Lettire") was the general contractor for The Tapestry, The Parkline, Chestnut Commons, and Atrium.

3. Defendant Lettire 124th Street LLC is a co-developer for the Tapestry.

4. Defendant UBC Chestnut Commons LLC is a co-developer for Chestnut Commons.

5. Defendant UBC Sumner LLC is a co-developer for the Atrium.

6. Defendants Lettire, Lettire 124th Street LLC, UBC Chestnut Commons, and UBC Sumner are referred to as the "Settling Defendants."

7. The Tapestry, The Parkline, Chestnut Commons, and Atrium are referred to as the "Properties." Lettire did not own, operate, or develop the Properties.

### II. Compliance with the FHA

8. The parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

9. The Settling Defendants and each of their officers, employees, agents, successors, and assigns are hereby enjoined from discriminating on the basis of disability as prohibited by the FHA, 42 U.S.C. § 3604.

### III. Non-Discrimination in Other Design and Construction

10. Lettire shall design and/or construct all new Covered Multifamily Dwellings in full compliance with either (*i*) the Guidelines, or (*ii*) a standard designated as an FHA safe harbor by the Department of Housing and Urban Development (each a "Standard"), where each such Standard has been used in its entirety. For the avoidance of doubt, the phrase "new Covered Multifamily Dwellings" means future projects, *i.e.*, projects pursuant to construction management agreements that Lettire enters into with an owner/developer after the date of this Consent Decree for which work is performed during the three-year period of the Consent Decree. The obligations outlined in this Consent Decree shall apply only during the term of this Consent Decree.

11. For any new Covered Multifamily Dwelling that Lettire designs and/or constructs during the term of this Consent Decree, Lettire shall retain or employ, as an independent contractor or employee, a compliance adviser ("FHA Adviser" or "Advisor") to advise Lettire regarding compliance with the FHA's Accessible Design Requirements, unless the owner and/or developer has retained its own independent, third-party compliance consultant to advise the owner and/or developer to help ensure compliance with the FHA's Accessible Design Requirements. The FHA Adviser, which may be an individual or a firm, including an existing Lettire employee or consultant with the requisite expertise and experience, shall have expertise and experience with the Accessible Design Requirements. For the duration of the Consent Decree, the FHA Adviser shall submit to the United States annual reports within 15 days of the anniversary of the entry of the Consent Decree certifying that in the course of the year preceding the submission of the report the FHA Adviser has advised on FHA accessibility issues at the property consistent with Paragraph 7 of this Consent Decree, and summarizing the areas in which the Adviser gave advice with reference to each of the requirements of 42 U.S.C. § 3604(f)(3)(C). The FHA Adviser may engage such staff

4

Case 1:25-cv-00483-AKH    Document 13-1    Filed 01/26/25    Page 5 of 8

or third-party contractors as he or she deems appropriate to satisfy the Adviser's responsibilities fully.

13. Lettire shall pay all reasonable costs of the FHA Adviser, including the cost of his or her time and the costs of any staff or contractors. Lettire shall direct its employees, agents, and/or contractors to seek the FHA Adviser's advice regarding the effect of deviations from the architects' plans on the accessibility of conditions at the property, as well as other issues that may arise during construction that affect accessibility. Lettire shall require the FHA Adviser, as the FHA Adviser deems appropriate, and with consultation and coordination with Lettire, to make recommendations to the owner and/or developer regarding any FHA accessibility issues that may arise during construction.

13. The agreement or contract between Lettire and the FHA Adviser shall specify that the FHA Adviser is being retained or employed pursuant to this Consent Decree. Further, within 30 days of retaining, the acceptance of an offer of employment by, or the agreement of an existing Lettire employee with the requisite expertise and experience to serve as the FHA Adviser, Lettire shall provide a copy of this Consent Decree to the FHA Adviser and secure the signed statement from the FHA Adviser acknowledging that he or she has received and read the Consent Decree and has had an opportunity to have questions about the Consent Decree answered. This statement shall be substantially similar to the form of Appendix A.

14. During the term of this Consent Decree, in each year in which Lettire has a new Covered Multifamily Dwelling under construction, Lettire shall submit, within 15 days of the anniversary of the entry of the Consent Decree, a certification to the United States affirming either that it has retained or employed an FHA Adviser or the owner and/or developer has retained or employed its own independent, third-party FHA compliance consultant, for each new Covered

5

Multifamily Dwelling under construction by Lettire during that year and specifying each new Covered Multifamily Dwelling for which an FHA Adviser was retained by Lettire to provide advice and the identity (and affiliation, if applicable) of the FHA Adviser.

15. For the term of this Consent Decree, Lettire shall maintain, and provide to the United States or FHA Adviser upon request, the following information and statements regarding any new Covered Multifamily Dwellings as to which Lettire is the construction manager:

- the name and address of the project;
- a description of the project and the individual units;
- to the extent known, the name, address, and telephone number of the lead civil engineer(s) who are employed or retained by the owner and/or developer involved with the project;
- to the extent known, the name, address and telephone number of the lead architect(s) who are employed or retained by the owner and/or developer involved with the project.

## IV. Educational Program

16. Within 90 days of the entry of this Consent Decree, Lettire shall provide a copy of this Consent Decree to all of its current employees involved in the design or construction of any new Covered Multifamily Dwellings and secure the signed statement from each such current employee acknowledging that he or she has received and read the Consent Decree, and has had an opportunity to have questions about the Consent Decree answered. This statement shall be substantially similar to the form of Appendix A.

17. During the term of this Consent Decree, any new agent or supervisor of Lettire who will have any supervisory authority in the design or construction of new Covered Multifamily

Case 1:25-cv-00483-AKH    Document 13-1    Filed 02/26/25    Page 7 of 18

Dwellings shall, within 90 days after the date he or she commences an employment relationship with Lettire, be given a copy of this Consent Decree by Lettire, and Lettire shall require each such new employee to sign a statement, acknowledging that he or she has received and read the Consent Decree, and has had an opportunity to have questions about the Consent Decree answered. This statement shall be substantially similar to the form of Appendix A.

18. In lieu of providing individuals or entities with copies of the Consent Decree as required by the preceding paragraphs of this Section, Lettire may instead provide a summary of the Consent Decree with the United States' advance written approval of the form and content of any proposed summary.

19. Lettire shall also ensure that its employees who have supervisory authority over the design and/or construction of new Covered Multifamily Dwellings have a copy of, are familiar with, and personally have reviewed, the Fair Housing Accessibility Guidelines, 56 Fed. Reg. 9472 (1991), and the United States Department of Housing and Urban Development, <u>Fair Housing Act Design Manual, A Manual to Assist Builders in Meeting the Accessibility Requirements of the Fair Housing Act</u> (August 1996, Rev. April 1998).

20. Within 180 days of the date of entry of this Consent Decree, Lettire and all its employees whose duties, in whole or in part, involve or will involve supervision over the development, design and/or construction of multifamily dwellings shall undergo training on the design and construction requirements of the FHA. The training shall be conducted by a qualified third-party individual, not associated with Lettire or its counsel, and approved by the United States; and any expenses associated with this training shall be paid by Lettire. Lettire shall provide to the United States, 30 days before the training, the name(s), address(es) and telephone number(s) of the trainer(s); and copies of any training outlines and materials to be distributed by the trainers. Lettire

shall provide to the United States, 30 days after the training, certifications executed by Lettire and covered employees confirming their attendance, in a form substantially equivalent with respect to the applicable subject matter to Appendix B.

## V.   Preservation of Records

21.   For the term of this Consent Decree, Lettire is required to preserve all records related to this Consent Decree for the Properties and any other new Covered Multifamily Dwellings designed or constructed by Lettire during the term of this Consent Decree. Upon reasonable notice to Lettire, representatives of the United States shall be permitted to inspect and copy any non-privileged records of Lettire bearing on compliance with this Consent Decree at any and all reasonable times, provided, however, that the United States shall endeavor to minimize any inconvenience to Lettire from such inspections.

## VI.   Civil Penalty

22.   Within 45 days of the entry of this Consent Decree, Lettire shall pay a civil penalty of $30,000 (Thirty Thousand Dollars) pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest. Lettire shall pay said sum by submitting a check made payable to the "United States of America" to the United States or by electronic fund transfer pursuant to instructions to be provided by the United States.

23.   Within 45 days of the entry of this Consent Decree, Lettire 124th Street LLC shall pay a civil penalty of $10,000 (Ten Thousand Dollars) pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest. Lettire 124th Street LLC shall pay said sum by submitting a check made payable to the "United States of America" to the United States or by electronic fund transfer pursuant to instructions to be provided by the United States.

Case 1:25-cv-00483-AKH    Document 12-1    Filed 01/26/25    Page 9 of 18

24. Within 45 days of the entry of this Consent Decree, UBC Chestnut Commons LLC shall pay a civil penalty of $10,000 (Ten Thousand Dollars) pursuant to 42 U.S.C. § 3614(d)(1)(C) to vindicate the public interest. UBC Chestnut Commons shall pay said sum by submitting a check made payable to the "United States of America" to the United States or by electronic fund transfer pursuant to instructions to be provided by the United States.

## VII. Responsibility for Retrofits and Aggrieved Persons at The Tapestry

25. Defendant East 124th Street LLC having agreed to assume responsibility for all retrofits and aggrieved persons payments at The Tapestry, and Lettire having agreed to pay a civil penalty relating to The Tapestry, all claims of the United States against Lettire arising from the design and construction of The Tapestry are dismissed, without prejudice to reinstatement in accordance with Paragraph 31.

## VIII. Reservation of Rights as to Chestnut Commons and the Parkline

26. Except as to any claim for civil penalties as against Lettire, the United States reserves all its rights and remedies as against any party, including Lettire, that was involved in the design and construction of the Parkline. Neither Lettire 124th Street LLC, UBC Chestnut Commons, nor UBC Sumner played any role in the design or construction of the Parkline.

27. Except as to any claim for civil penalties as against Lettire and UBC Chestnut Commons, the United States reserves all its rights and remedies as against any party, including Lettire and UBC Chestnut Commons, that was involved in the design and construction of Chestnut Commons. Neither Lettire 124th Street LLC nor UBC Sumner played any role in the design or construction of Chestnut Commons.

## IX. Enhancements to Accessibility: Atrium at Sumner

28. While Atrium was still in the process of being constructed and completed, in consultation with an FHA accessibility consultant, the Government conducted a survey of the property and proposed certain retrofits to accessibility at the Atrium, which retrofits have either been completed or are in the process of being completed by Lettire in consultation with the Government. As soon as reasonably possible, but no later than six (6) months after the entry of this Consent Decree by the Court, Lettire shall use commercially reasonable efforts to finish all the retrofits listed in Appendix C. Lettire shall make reasonable efforts to minimize inconvenience to residents of Atrium in making such retrofits. Upon completion of the retrofits, the consultant shall inspect these remaining retrofits and prepare a report to the Government certifying that they have been completed. The United States shall have the right to inspect the property to ensure that the retrofits have been completed.

## X. Duration of Consent Decree and Termination of Legal Action

29. The term of this Consent Decree shall commence upon entry of this Consent Decree and, expire two (2) years following such entry or 30 days from the date that all of the necessary modifications required by Paragraph 21 have been made, whichever date is later. The parties agree that in the event that Lettire engages in any future conduct occurring during the term of this Consent Decree that leads to a determination of a violation of the FHA's accessible design and construction provisions, such conduct shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

30. The Complaint in this action is hereby dismissed as to Lettire 124th Street LLC and UBC Sumner, without prejudice to reinstatement in accordance with Paragraph 31. Nothing in

Case 1:25-cv-00483-AKH   Document 12-1   Filed 02/27/25   Page 11 of 18

this paragraph or the dismissal of the Complaint to the extent herein shall affect the Government's reservation of rights as against any party relating to The Parkline, as set forth in Paragraph 27.

31. The Complaint in this Action shall be reinstated as to any Settling Defendant at any time during the term of this Consent Decree if the Court determines that such Settling Defendant has failed to perform, in a timely manner, any act required by this Consent Decree or has otherwise failed to act in conformity with any provision of this Consent Decree. Any delay attributable to the United States shall not be a basis to reinstate the Complaint in this action.

32. The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree. The United States may move the Court to extend the duration of the Consent Decree in the interests of justice. The duration of the Consent Decree also may be extended by the mutual written agreement of the United States and the Settling Defendants.

33. The United States and the Settling Defendants shall endeavor, in good faith, to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to seeking judicial relief. However, in the event of a material breach of this Consent Decree, and if the parties are unable to informally resolve such a dispute, any party shall have the right to submit an application to the Court to reinstate this action at any time prior to the expiration of the term of this Consent Decree to seek enforcement of the terms of this Consent Decree by amending its pleading(s) pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to include a claim or counter-claim for breach of this Consent Decree.

34. Upon the expiration of the Consent Decree and all obligations thereunder, the United States shall seek an order dismissing the Complaint with prejudice as to the Settling Defendants.

**XI.   Miscellaneous**

Case 2:25-cv-00483-AKH    Document 12-1    Filed 02/27/25    Page 12 of 18

35. The Settling Defendants are hereby notified that, in the event that any of them fails to comply with any of the terms of this Consent Decree and the United States obtains an order establishing such noncompliance, the United States may take any appropriate action, including but not limited to notifying the appropriate state housing finance agency of the violation. *See* 26 U.S.C. § 42(m)(1)(B)(iii).

36. Any time limits for performance imposed by this Consent Decree may be extended by the mutual written agreement of the United States and the Settling Defendant(s), the consent to which shall not be unreasonably denied or withheld.

37. The United States and the Settling Defendants shall each bear their own costs and attorney's fees associated with this litigation.

38. The United States and the Settling Defendants understand and agree that this Consent Decree and the appendices thereto contain the entire agreement between them, and that any statements, representations, promises, agreements, or negotiation, oral or otherwise, between the parties or their counsel that are not included herein shall be of no force or effect.

The undersigned apply for and consent to the entry of this Consent Decree:

DATED: January 16, 2025
New York, New York

*For the United States*:

EDWARD Y. KIM
Acting United States Attorney

By: _____
DANIELLE J. MARRYSHOW
AMANDA LEE
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2689/2781
Danielle.Marryshow@usdoj.gov
Amanda.Lee2@usdoj.gov

DATED: January 16, 2025
New York, New York

LETTIRE CONSTRUCTION CORP.
LETTIRE 124th STREET LLC
UBC CHESTNUT COMMONS LLC
UBC SUMNER LLC

By: *Kan M. Nawaday*
Kan M. Nawaday
VENABLE LLP
151 West 42nd Street
New York, NY 10036
Telephone No. (212) 370-6240

By: _____
Andrew W. Schilling
SCHILLING LAW LLC
1345 Avenue of the Americas
New York, NY 10105
Telephone No. (212) 551-7880
aschilling@schillinglaw.com

*Attorneys for Lettire Construction Corp., Lettire 124th Street LLC, UBC Chestnut Commons LLC, and UBC Sumner LLC*

DATED: 4/29/2025
New York, New York

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

13